# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.C. and N.L.**

**No. 21-0326** (Harrison County 20-JA-16-1 and 20-JA-17-1)

## MEMORANDUM DECISION

Petitioner Mother M.R., by counsel Jenna L. Robey, appeals the Circuit Court of Harrison County's March 25, 2021, order terminating her parental and custodial rights to N.L. and imposing a permanent legal guardianship for J.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Allison S. McClure, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in denying her motion for a post-dispositional improvement period and terminating her parental and custodial rights to N.L.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner failed to adequately supervise then nine-year-old J.C. and two-year-old N.L., failed to provide suitable living conditions for the children, and exposed the children to substance abuse. The DHHR alleged that drug paraphernalia, broken glass, and garbage was strewn throughout

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner assigns no error to the circuit court's decision to impose a permanent legal guardianship for J.C., in accordance with West Virginia Code § 49-4-604(c)(5).

petitioner's home and that steak knives were found on the floor in the master bedroom. Petitioner admitted that she used Suboxone and "unknown pills" in the days prior to the children's removal and tested positive for amphetamine, methamphetamine, and marijuana the day after the children were removed. The DHHR alleged that, during an interview with J.C., the child disclosed that petitioner "hardly ever slept" and that she witnessed domestic violence between petitioner and the father of N.L. J.C. also disclosed that petitioner "kept her away" from her father. Petitioner waived her preliminary hearing. At the preliminary hearing, the circuit court returned physical and legal custody of J.C. to her father, who had been deemed a non-offending parent.

The DHHR filed an amended petition in February of 2020, alleging that petitioner was scheduled to participate in seven random drug screenings after the filing of the initial petition. According to the DHHR, petitioner tested positive for methamphetamine, amphetamine, and marijuana on four of those drug screens and missed the remaining three.

The circuit court convened for an adjudicatory hearing in March of 2020, and petitioner stipulated to the allegations contained in the petition. The circuit court accepted her stipulation and adjudicated her as abusing parent. Petitioner moved for a post-adjudicatory improvement period, which was granted in June of 2020, without objection from the parties. As terms of her improvement period, petitioner was ordered to participate in random drug screening, parenting and adult life skills classes, supervised visitation with the children, and substance abuse treatment. Additionally, petitioner was required to obtain and maintain stable housing and employment.

The circuit court held the final dispositional hearing in January of 2021. Petitioner moved for a post-dispositional improvement period, acknowledging the need for additional services to remedy the conditions of neglect and abuse and asserting that she experienced a substantial change in circumstances since the granting of her post-adjudicatory improvement period. The DHHR recommended that the circuit court terminate petitioner's parental and custodial rights to N.L. and impose a permanent legal guardianship for J.C. The DHHR presented testimony from petitioner's service providers and her DHHR case worker in support of its position. Petitioner also testified.

Based on the evidence presented, the circuit court found that petitioner had not substantially complied with the terms of her post-adjudicatory improvement period. The court found that petitioner missed twenty-one random drug screens during her post-adjudicatory improvement period. Of the drug screens she participated in, petitioner produced only one negative result, which was in September of 2020. Petitioner stated that she did not have a substance abuse problem, but the circuit court considered that she had not been participating in random drug screening and found that the statement was unsupported. The court found that petitioner did not consistently participate in her parenting classes, noting that petitioner missed classes "every other week or so" and did not attend any classes in November of 2020. Nevertheless, petitioner completed the curriculum in December of 2020. In regard to supervised visitation, the circuit court found that petitioner missed ten of forty-four scheduled visitations with the children. N.L. was noted to "not respond well to having supervised visits" with petitioner. He "scream[ed] the entire drive to the visits if he [knew] he [was] going to a visit" and experienced "extreme nightmares" after visitation. However, petitioner and J.C. "appear[ed] to

be bonded." The circuit court further found that petitioner did not have transportation, independent housing, or employment at the time of the dispositional hearing.

The circuit court concluded that petitioner failed to prove by clear and convincing evidence that she was likely to fully participate in the terms of a post-dispositional improvement period based on her failure to fully participate in the terms of her post-adjudicatory improvement period and her inability to show that she experienced a substantial change in circumstances since her post-adjudicatory improvement period. The court reiterated that petitioner lost her housing and transportation during the improvement period, did not participate in drug screenings, and did not maintain contact with her DHHR caseworker. Accordingly, the circuit court denied petitioner's motion for a post-dispositional improvement period.

Though the circuit court found that petitioner had developed a bond with the J.C., it also found petitioner was unable to provide for the child's needs. The circuit court ordered disposition under West Virginia Code § 49-4-604(c)(5) and granted J.C.'s father full custody of the child. The court also granted petitioner visitation with J.C. subject to the discretion of the child's father because it found that visitation with petitioner was in the child's best interests. The circuit court considered that petitioner was presently unable to provide for the child's needs, but that the child exhibited a bond with petitioner.

In regard to N.L., the court found that he was young and shared no bond with petitioner, based on his behavior before and after supervised visitations. The circuit court concluded that petitioner had failed to fully comply with her post-adjudicatory improvement period and failed to fully remedy her substance abuse, and, therefore, there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. The court further found that termination of petitioner's parental rights was necessary for N.L.'s welfare and in his best interests. Petitioner now appeals the circuit court's March 25, 2021, order that denied her motion for a post-dispositional improvement period, and terminated her parental and custodial rights to N.L.[3]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

_____

[3]J.C.'s father was deemed a non-offending parent, and the permanency plan for J.C. is to remain in his care. N.L.'s father's parental rights were terminated during the proceedings. The permanency plan for N.L. is adoption in his current placement.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. She asserts that she lost her housing and transportation during the proceedings and that, given more time, she could have corrected those conditions "as she had already addressed her substance abuse problem." According to petitioner, these acknowledgements, coupled with her testimony that she would fully participate in an improvement period, satisfied her burden of proof, and the circuit court erred in denying her motion. We find petitioner is entitled to no relief on appeal.

West Virginia Code § 49-4-610(3)(B) requires that, to be granted a post-dispositional improvement period, a parent must "demonstrate, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." Further, in circumstances where a parent was previously granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that due to the change in circumstances, the parent "is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, we find petitioner's argument to be unpersuasive. The circuit court found that petitioner failed to comply with the terms of her post-adjudicatory improvement period, which is compelling evidence when considering whether to grant petitioner a subsequent improvement period. Although petitioner asserts that she "addressed her substance abuse problem," we note that there is no evidence to support this assertion in the record on appeal. Rather, the record provides that petitioner made similar assertions below, and the circuit court found that those assertions were not supported by any evidence. Furthermore, the circuit court found that petitioner failed to demonstrate that she experienced a substantial change in circumstances that rendered her likely to fully participate in an improvement period. Upon our review of the record, we find that the circuit court's findings are not clearly erroneous and find no error in its decision to deny petitioner's motion for a post-dispositional improvement period.

Petitioner also argues on appeal that the circuit court erred in terminating her parental and custodial rights to N.L. She believes that there *was* a reasonable likelihood that the conditions of neglect and abuse could be corrected in the near future and that termination was not in the child's best interests. Petitioner asserts that N.L. was in a stable foster placement, and petitioner "believes she was compliant with services." Therefore, she concludes, the circuit court should have imposed a less-restrictive dispositional alternative, such a legal guardianship pursuant to West Virginia Code § 49-4-604(c)(5).

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with a reasonable family case plan designed to prevent further abuse and neglect of the child. As mentioned above, the circuit court found that petitioner failed to fully participate in the terms of her post-adjudicatory improvement period and that she failed to remedy her substance abuse problem. Critically, petitioner cites to no evidence in the record to support her "belief" that she was compliant with services, and no evidence supports that contention. Because petitioner failed to follow through with a reasonable family case plan, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Moreover, N.L. would be exposed to petitioner's substance abuse if returned to her care. Termination of petitioner's parental rights not only protected N.L. from further abuse, but also provided permanency for the child. As the circuit court noted, N.L. was a child of tender years, and this Court has held:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Further, "[e]nsuring finality for these children is vital to safeguarding their best interests so that they may have permanency and not be continually shuttled from placement to placement." *In re Cesar L.*, 221 W. Va. 249, 258, 654 S.E.2d 373, 382 (2007). In contrast to J.C., who had bonded with petitioner and the circuit court found that continued contact was in the child's best interests, N.L. did not share a bond with petitioner and did not benefit from visitation with her. Therefore, we agree with the circuit court that termination of petitioner's parental rights was necessary for N.L.'s welfare.

Finally, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia

5

Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the record fully supports a finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of petitioner's parental and custodial rights was necessary for the welfare of N.L., we find no error in the proceedings below. Petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 25, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton